```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA

        -against-                                             NOT FOR PUBLICATION
                                                              MEMORANDUM & ORDER
LAWRENCE TRANESE,                                             17-CR-00559-2 (CBA)

                Defendant.
-----------------------------------------------------------x
```

**AMON, United States District Judge:**

Before the Court is Defendant Lawrence Tranese's renewed motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF Docket Entry ("D.E.") # 108 ("Def. Br.").) For the reasons stated below, the motion is DENIED.

## BACKGROUND

The facts of this case are set forth more fully in the Memorandum and Order denying Tranese's prior motion for compassionate release. (D.E. # 104.) On April 5, 2018, Tranese pled guilty to conspiracy to distribute at least 150 grams of oxycodone, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). (D.E. ## 49, 86.) An investigation also found that Tranese threatened a doctor to obtain the oxycodone he distributed. At sentencing, I calculated a minimum sentence of seventy-eight months' imprisonment under the United States Sentencing Guidelines (the "Guidelines"). (D.E. # 87 ("Sentencing Tr.") at 5:4–5.) Taking into consideration Tranese's numerous medical conditions, I imposed a prison sentence of forty months, well below the Guidelines range. (Id. at 6:15–18.) On July 6, 2020, Tranese moved for compassionate release due to the risk of coronavirus given his medical conditions. (D.E. # 97.) I denied the motion. (D.E. # 104.)

1

**STANDARD OF REVIEW**

Under the First Step Act, "[d]istrict courts have broad discretion in deciding whether to grant or deny a motion for a sentence reduction." United States v. Tagliaferri, 13 Cr. 115 (RA), 2019 WL 6307494, at *3 (S.D.N.Y. Nov. 25, 2019); United States v. Gotti, 433 F. Supp. 3d 613, 619 (S.D.N.Y. 2010) ("The First Step Act was drafted using the word 'may,' not 'must.'"). In general, the defendant bears the burden of demonstrating his eligibility for compassionate release. See United States v. Rivernider, 3:10-cr-222 (RNC), 2019 WL 3816671, at *2 (D. Conn. Aug. 14, 2019). The provision of the First Step Act relevant here provides that:

> [T]he court . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A)(i). As the Second Circuit recently held, "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).

**DISCUSSION**

The First Step Act requires defendants seeking relief to exhaust their administrative remedies before seeking judicial relief. See 18 U.S.C. § 3582(c)(1)(A). The Government does not dispute that Tranese has exhausted his administrative remedies. (See D.E. # 109 ("Opp'n").)

Tranese renews his argument that early release is warranted due to his "health conditions, combined with the spread of COVID-19 at the facility." (Def. Br. at 2–3.) He argues that the spread of the virus is more pronounced than when he earlier sought release. He reports 145 cases of coronavirus at FCI Allenwood Low, the prison where he is incarcerated, representing "about

2

15% of the entire population."[1] (Id.) He also describes a lack of social distancing and COVID-19 testing. (Id. at 2, 4.) As before, the Government does not dispute that extraordinary and compelling circumstances exist here. (Opp'n at 3.) Although that concession is not binding on me, I will assume without deciding that Tranese has shown extraordinary and compelling circumstances. Nonetheless, nothing that Tranese argues alters my original determination that, as the Government maintains, "the Section 3553(a) factors still weigh in favor of the defendant's continued detention."[2] (Id. at 4.) See 18 U.S.C. § 3582(c)(1)(A); United States v. Lisi, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020) ("Even though the Court has found that [the defendant] has met the basic criteria for compassionate release, the Court's inquiry is not yet over."); United States v. Elliott, No. 17-cr-128 (ARR), 2020 WL 4381810, at *5 (E.D.N.Y. July 31, 2020) ("Even assuming that Elliott did show that extraordinary and compelling reasons were present in this case, the § 3553(a) factors militate against his release."); see also United States v. Ebbers, 432 F. Supp. 3d 421, 430–31; Gotti, 433 F. Supp. 3d at 615.

In denying Tranese's first motion, I found that "the § 3553(a) factors counsel against Tranese's release and outweigh the current circumstances he marshals in support of his release":

> Here, I sentenced Tranese to a term of imprisonment below the bottom of his Guidelines range, in part because of his health. (Sentencing Tr. at 5:4–7, 5:19–25, 6:15–18.) In light of the seriousness of his offense, his already recognized health concerns even in light of the pandemic do not justify his release. The forty-

---

[1] I note that the number of coronavirus cases at FCI Allenwood Low appears to have substantially decreased since Tranese filed his motion on December 23, 2020. On that date, the Bureau of Prisons reported 145 active cases. (See Def. Br. at 2 n.3.) As of January 4, 2021, the Bureau reports 66 active cases—a decrease of over 50%. See https://www.bop.gov/coronavirus/index.jsp (last visited Jan. 4, 2021).

[2] To the extent the Government argues that the Court should completely disregard a defendant's health concerns when the Government concedes extraordinary and compelling circumstances, I reject this argument. Deciding a compassionate release motion involves weighing a defendant's present circumstances against the important policies set forth in the § 3553(a) factors. See Ebbers, 432 F. Supp. 3d at 430–31 (explaining that courts "should assess whether those factors outweigh the 'extraordinary and compelling reasons'" (emphasis added)). Accordingly, I do not disregard Tranese's coronavirus-related medical concerns. Rather, I conclude that the § 3553(a) factors outweigh the circumstances he raises, even if those circumstances do qualify as "extraordinary and compelling."

> month term of imprisonment I imposed was—and remains—necessary to "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense," as well as "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A), (B); see also § 3553(a)(1). . . Tranese's crimes involved large quantities of dangerous narcotics. And although Tranese himself was not directly involved in organized crime, I found at sentencing that he associated, likely knowingly, with individuals who were so involved. (Sentencing Tr. at 6:1–9.) I also found that at certain points during the conspiracy, Tranese acted in a way that was "at the very least intimidating." (Id. at 5:8–18.).

(D.E. # 104 at 5.)  The facts which Tranese now raises do not alter those conclusions. Although Tranese "has now served more than half his sentence," (Def. Br. at 6), nearly a year of incarceration remains to be served. Early release to home confinement would not, despite Tranese's assertion, "reflect the seriousness of the offense"—which involved at least 150 grams of oxycodone. 18 U.S.C. § 3553(a)(2)(A). Tranese has not shown that his medical conditions or risk of contracting the coronavirus are so severe as to warrant his early release from a sentence well below the Guidelines minimum. Such a release would fail to achieve the important policies of the § 3553(a) factors—namely, providing just punishment, affording adequate deterrence, and promoting respect for the law. In sum, the § 3553(a) factors counsel against Tranese's release and outweigh the current circumstances he marshals in support of his release.

## CONCLUSION

For the reasons stated above, Tranese's renewed motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

SO ORDERED.

Dated: January 4, 2021
      Brooklyn, New York

                                          /s/ Carol Bagley Amon
                                          Carol Bagley Amon
                                          United States District Judge